**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1487

RUBY SALVIN,

                   Plaintiff - Appellant,

        v.

AMERICAN NATIONAL INSURANCE CO.,

                   Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.   Jerome B. Friedman, District
Judge.   (2:06-cv-00264-JBF)

Argued:  March 19, 2008              Decided:  June 10, 2008

Before MICHAEL and GREGORY, Circuit Judges, and Jane R. ROTH,
Senior Circuit Judge of the United States Court of Appeals for the
Third Circuit, sitting by designation.

Affirmed by unpublished per curiam opinion.

Thomas Francis Hennessy, III, LEISER, LEISER & HENNESSY, P.L.L.C.,
Vienna, Virginia, for Appellant.  David C. Burton, WILLIAMS MULLEN,
Virginia Beach, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal involves a collateral issue in a case filed by Ruby Salvin against her former employer, American National Insurance Company (ANICO or the company). After Salvin's deposition revealed that she had no evidence to support her claims, ANICO asked Salvin's counsel, Thomas Hennessy, to voluntarily dismiss the case. When Hennessy refused, ANICO complied with its remaining discovery obligations and then filed a motion for summary judgment, which the district court granted. ANICO thereafter sought to recover its attorney's fees against Hennessy under 28 U.S.C. § 1927, arguing that he had "multiplie[d] the proceedings . . . unreasonably and vexatiously" by continuing to litigate the case despite his awareness that the claims lacked merit. The district court found that Salvin's deposition testimony gave Hennessy actual notice that Salvin's claims lacked merit and, therefore, awarded ANICO the fees it incurred after the deposition. Because we determine that the district court did not abuse its discretion in awarding fees under § 1927, we affirm.

I.

For several years Ruby Salvin sold insurance policies on a commission basis as an independent contractor for ANICO. She worked pursuant to a written contract, which stated that either party could terminate the relationship by providing thirty days'

2

written notice. After ANICO terminated Salvin, she sued the company, alleging breach of contract, tortious interference with economic relationships, and fraud. The suit was originally filed in Virginia state court but was removed to federal court on diversity grounds. On July 25, 2006, the district court granted in part ANICO's motion to dismiss Salvin's claims. The court dismissed the tortious interference and fraud claims outright and dismissed the breach of contract claim as it related to Salvin's allegation that a company representative had orally agreed to give her twelve months to reach a particular sales quota but then terminated her prior to the end of the twelve-month period. The court denied the motion to dismiss with respect to the breach of contract claim as it related to allegations that the company had altered Salvin's sales records, resulting in a decrease in the amount of post-termination compensation the company owed her.

Following the partial dismissal the case proceeded to discovery. On August 28, 2006, ANICO took Salvin's deposition, and the answers she gave made clear that her remaining breach of contract claim lacked merit. Specifically, Salvin testified that she believed she was receiving the amount of post-termination commissions she was entitled to under the written agreement, and she presented no evidence that the company had altered any of her sales records. While Salvin testified that she believed that ANICO should have provided her additional compensation based on the "fair

3

value" of her "agency," she was unable to identify any language in her written agreement supporting that position.  J.A. 110-13.

Shortly after the deposition ANICO's counsel approached Salvin's counsel, Thomas Hennessy, and asked that he voluntarily dismiss the remaining claim in light of Salvin's deposition testimony.  Hennessy refused.  ANICO then continued litigating the case by complying with its remaining discovery obligations and preparing and filing a summary judgment motion based on Salvin's deposition testimony.  Hennessy filed an opposition to summary judgment on Salvin's behalf, but the opposition did not address ANICO's contention that Salvin had provided no evidence to support the altered records theory underlying her remaining breach of contract claim.  Instead, the opposition relied on an alternative theory, which was based on factual allegations not included in the complaint.  In addition, the opposition included a new affidavit from Salvin that contained statements contradicted by the testimony she gave in her deposition.  The district court granted summary judgment to ANICO based on Salvin's deposition testimony.

ANICO next filed a motion to recover attorney's fees against Hennessy (Salvin's counsel) under 28 U.S.C. § 1927.  That section provides that:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

4

28 U.S.C. § 1927. The district court granted ANICO's request for attorney's fees in part. The court found that "after the plaintiff's deposition revealed that her remaining claim was fundamentally infirm, Mr. Hennessy should have taken the advice of the defense attorneys and voluntarily dismissed the action." J.A. 296. The court further found it was "undisputed that Mr. Hennessy had actual notice that no basis existed for proceeding on the plaintiff's case after her deposition testimony revealed as much." Id. Therefore, the court granted ANICO's motion but limited its recovery of fees to $26,057, which was the amount incurred after the plaintiff's deposition. Hennessy now appeals.

## II.

We begin with a brief overview of § 1927. The Supreme Court has recognized that § 1927 "does not distinguish between winners and losers, or between plaintiffs and defendants." Roadway Express, Inc. v. Piper, 447 U.S. 752, 762 (1980). Moreover, "[t]he statute is indifferent to the equities of a dispute and to the values advanced by the substantive law." Id. Instead, the statute is "concerned only with limiting the abuse of court processes." Id. For this reason, a court considering the propriety of a § 1927 award must focus "on the conduct of the litigation and not on its merits." DeBauche v. Trani, 191 F.3d 499, 511 (4th Cir. 1999).

5

When a district court imposes an award against an attorney under § 1927, we review only for an abuse of discretion. Chaudhry v. Gallerizzo, 174 F.3d 394, 410 (4th Cir. 1999). This standard recognizes that, as in the context of sanctions under Rule 11 of the Federal Rules of Civil Procedure, "the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard" of § 1927. Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 402 (1990) (reviewing Rule 11 sanctions for abuse of discretion). The factual findings underpinning the district court's award are reviewed for clear error. Ohio River Valley Envtl. Coal., Inc. v. Green Valley Coal Co., 511 F.3d 407, 413 (4th Cir. 2007).

III.

Hennessy first argues that § 1927 requires a finding of subjective bad faith and that the district court erred by stating that an objective bad faith standard applied. We need not decide which standard applies in this case because the district court's factual findings support a determination that Hennessy acted in bad faith, even assuming that the more stringent subjective standard applies.

The district court found that Hennessy had actual notice that Salvin's remaining breach of contract claim was rendered meritless by the admissions made in Salvin's deposition testimony.

6

The court noted that the content of the summary judgment opposition submitted by Hennessy confirmed his "awareness that the plaintiff's deposition had indicated that her lawsuit was meritless"; rather than arguing the sole theory approved by the court's partial dismissal order, the opposition advanced a new breach of contract theory based on facts not pled in the complaint. J.A. 297. The district court's finding that Hennessy knew Salvin's claim lacked merit is not clearly erroneous and, thus, is sufficient to support a determination that Hennessy acted in bad faith under either an objective or a subjective standard.

Hennessy next argues that a § 1927 fee award is not appropriate because he did not "multipl[y] the proceedings" within the meaning of the statute. In support he cites DeBauche, where we concluded "as a matter of law that the filing of a single complaint cannot be held to have multiplied the proceedings unreasonably and vexatiously and therefore that § 1927 cannot be employed to impose sanctions." 191 F.3d at 511-12. In that case, we held that Rule 11 was the proper mechanism to address the filing of a frivolous complaint. According to Hennessy, the holding in DeBauche mandates that an attorney does not multiply proceedings simply by failing to dismiss a claim, even when it becomes apparent that the claim is meritless.

Hennessy's argument misses the mark. His actions are simply not analogous to the filing of a single faulty complaint

7

that gave rise to our decision in DeBauche. As we stated in DeBauche, "[§] 1927 focuses on the conduct of the litigation and not on its merits." 191 F.3d at 511. The district court's fee award in this case was properly based on the manner in which Hennessy conducted the litigation. By refusing to voluntarily dismiss the case once its lack of merit became evident, Hennessy protracted the litigation. ANICO was forced to continue with its discovery obligations, file a summary judgment motion, and respond to Hennessy's opposition to that motion. And, as the district court noted, "[t]he brief in response to [ANICO's] motion for summary judgment is emblematic of the unreasonableness and vexatiousness employed by Mr. Hennessy" because it failed to address the altered records theory at issue, raised new theories based on factual allegations not pled in the complaint, and was based on a new affidavit by Salvin in which she contradicted her earlier deposition testimony. J.A. 297. We agree with the district court that Hennessy's conduct multiplied the proceedings unreasonably and vexatiously within the meaning of § 1927.

Hennessy next argues that the district court erred by not making a sufficient inquiry into his ability to pay. The court's consideration of the ability-to-pay issue was limited to this passage in the order:

> As to Mr. Hennessy's ability to pay, he admitted to the court at oral argument that, had [ANICO's] motion for attorneys' fees been brought pursuant to Federal Rule of Civil Procedure 11, his conduct would likely be

8

> sanctionable, and he would be agreeable to paying. Such statement provides the court with sufficient evidence as to Mr. Hennessy's ability to pay the fees requested by [ANICO] in this case.

J.A. 301-02. We have previously stated in the Rule 11 context that "a monetary sanction imposed without any consideration of ability to pay would constitute an abuse of discretion." In re Kunstler, 914 F.2d 505, 524 (4th Cir. 1990). At the same time, we noted that the "[i]nability to pay . . . should be treated as reasonably akin to an affirmative defense, with the burden upon the parties being sanctioned to come forward with evidence of their financial status." Id. (quoting White v. General Motors Corp., 908 F.2d 675, 685 (10th Cir. 1990)). Applying these standards to the circumstances of this case, we conclude that Hennessy's argument lacks merit. The court's discussion of the issue, while brief, is enough to demonstrate that it at least considered Hennessy's ability to pay. Moreover, given that Hennessy did not raise his inability to pay before the district court (nor does he assert in his appellate brief that he would in fact be unable to pay), we cannot conclude that the district court abused its discretion in determining that Hennessy will be able to pay the amount in question.

Finally, we consider Hennessy's contention, raised at oral argument, that upholding the fee award in this case would have a chilling effect on the efforts of plaintiffs' attorneys to zealously pursue their clients' cases. We appreciate the concern

9

expressed by Hennessy, but we respectfully disagree with him.  We recognize that Hennessy was put in a tough position because he filed the case based on his client's version of events at the time, only to have the client give a different story -- one that defeated the case -- when faced with questions, under oath, from opposing counsel.  But Hennessy's proper course of action was clear:  rather than protract the litigation, he should have voluntarily dismissed the case when ANICO's counsel requested that he do so.  As we have said, "litigants and their counsel are not free . . . to disregard evidence that comes to light in discovery and to continue to press their case without any reasonable belief" that the case has merit. Blue v. U.S. Dept. of the Army, 914 F.2d 525, 537 (4th Cir. 1990). Indeed, there is nothing novel in recognizing that an attorney can face sanctions "for pursuing a case after it becomes clear that the case is without merit."  Id.  Nothing in these principles or in our application of § 1927 in this case will prevent any plaintiff's attorney from zealously pursuing a meritorious case.

* * *

For the reasons stated above, the judgment of the district court is

AFFIRMED.

10